

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-2005

# Ormsby v. Luzerne Cty Dept Pub

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2453

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Ormsby v. Luzerne Cty Dept Pub" (2005). *2005 Decisions*. Paper 558.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/558

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-318                                                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2453
_____

SONYA ORMSBY,
Appellant

v.

LUZERNE COUNTY DEPARTMENT OF PUBLIC
WELFARE OFFICE OF HUMAN SERVICES;
LUZERNE COUNTY CHILDREN & YOUTH
SERVICES; EUGENE D. CAPRIO; DONNA VHREL;
RHONDA ALLEN; JACKIE FALCHECK

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00568)
District Judge: James M. Munley
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
July 21, 2005

Before: ROTH, BARRY AND SMITH, <u>CIRCUIT JUDGES</u>

(Filed: September 12, 2005)
_____

OPINION
_____

PER CURIAM

Appellant Sonya Ormsby, proceeding <u>pro se</u>, appeals the April 5, 2005, order of

the United States District Court for the Middle District of Pennsylvania dismissing her

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will dismiss the appeal as frivolous. See 28 U.S.C. § 1915(e)(2)(B); see also Neitzke v. Williams, 490 U.S. 319, 315 (1989).

The parties are familiar with the facts, so we will only briefly revisit them here. On March 22, 2002, Ormsby's daughter was removed from her custody by the Luzerne County Children and Youth Services ("LCCYS") due to a report of child abuse or serious neglect. Following a March 28, 2002, hearing in the Court of Common Pleas of Luzerne County, the child was temporarily placed in the custody of her biological father, Reginald Ormsby. On April 11, 2002, LCCYS completed its investigation into the report of abuse and neglect, and concluded that it was unfounded. Approximately three weeks later, on April 30, 2002, the Court of Common Pleas ordered that the child remain in the physical custody of her father.

On March 22, 2005, Ormsby submitted the underlying complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 in the District Court. In her fifty-six page complaint, Ormsby alleged various civil rights violations, as well as state law claims for negligent supervision and intentional infliction of emotional distress, all stemming from the March and April 2002 LCCYS investigation and court proceedings. On April 5, 2005, the District Court sua sponte dismissed Ormsby's complaint pursuant to § 1915(e)(2)(B), finding all of her claims barred by the applicable statutes of limitation. This timely appeal followed.

2

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal for frivolousness. See Mitchell v. Horn, 318 F.3d 523, 530 (2003). After a careful review of the record, we will dismiss this appeal as frivolous.

As the District Court explained, claims brought pursuant to § 1983 or § 1985 are subject to the state statute of limitations for personal injury actions, which is two years in Pennsylvania. See 42 Pa. Cons. Stat. Ann. § 5524; see also Wilson v. Garcia, 471 U.S. 261, 266-267 (1985); Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). Claims for negligent supervision and intentional infliction of emotional distress brought in Pennsylvania are also governed by this two year limitations period, see 42 Pa. Cons. Stat. Ann. § 5524, while claims asserted under § 1986 are subject to a one year statute of limitations. See Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). A cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. See Sameric Corp. of Delware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). It is clear from Ormsby's complaint that she was aware of the alleged wrongdoing at the latest on May 1, 2002, when she received notice that her daughter had been ordered to remain in Reginald Ormsby's custody. Because Ormsby did not submit her complaint until March 22, 2005, beyond the relevant statutory periods, her complaint was properly dismissed as time-barred.

Ormsby attempts to avoid this outcome by arguing that the statute of limitations should be tolled: (1) under Pennsylvania's discovery rule until September 2003, when she obtained all of the facts surrounding her claims and "realized" that the defendants had "violat[ed] . . . her constitutional and civil rights;" or (2) under equitable tolling principles. We can reject Ormsby's tolling arguments with little difficulty.

Pennsylvania law recognizes that "'in some circumstances, although the right to institute suit may arise, a party may not, despite the exercise of due diligence, reasonably discover that he has been injured.'" Haugh v. Allstate Ins. Co., 322 F.3d 227, 231 (3d Cir. 2003) (quoting Crouse v. Cyclops Industries, 745 A.2d 606, 611 (Pa. 2000)). In such cases, the discovery rule will serve to toll "the running of the applicable statute of limitations until the complaining party knows or reasonably should know that [s]he has been injured and that [her] injury has been caused by another party's conduct." Crouse, 745 A.2d at 611. Ormsby can derive no benefit from this rule, however, as she was certainly on notice of the alleged injuries she suffered due to the defendants' actions at the conclusion of the 2002 neglect and dependency hearings and child custody proceedings.

Likewise, it is clear from the face of Ormsby's complaint that there is no basis for the application of equitable tolling principles. "Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).

4

Generally equitable tolling may be appropriate where: (1) a defendant actively misleads a plaintiff regarding her cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted her claims, but in the wrong forum. See Lake, 232 F.3d at 370 n. 9. None of these situations is presented here, and Ormsby has offered no other justification for tolling the statutes of limitation.

In conclusion, neither the discovery rule nor the doctrine of equitable tolling provides grounds for tolling the statute of limitations in this case. As such, Ormsby's complaint is time-barred. Therefore, having found no merit to this appeal, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).